[Crim. No. 41125. Second Dist., Div. Five. Oct. 19, 1982.]

In re RICHARD W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RICHARD W., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael Tanaka, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Elizabeth A. Baron, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—The trial court found that appellant Richard W., a minor, had committed burglary (Pen. Code, § 459), and adjudged him a ward of the juvenile court (Welf. & Inst. Code, § 602). Richard's sole contention on appeal is that the evidence was insufficient to sustain the finding because the witness' extrajudicial identification was not confirmed at the adjudication hearing.

### FACTS

At about 12:30 a.m. on April 10, 1981, Ms. Sylvia Cruz looked out of her bedroom window and saw a group of four boys standing at the Union 76 gas station next to her house, about 25 feet away. Three of the boys went to a rear window of the station and climbed through, while the fourth remained outside, looking up and down the street. Ms. Cruz called the police from her bedroom telephone as her mother continued to watch, and then went back to her window outlook. From there, she saw the three boys

climb back out of the window and walk up to a bus stop at the corner of the station, a little over 25 feet away from her window, where the fourth boy joined them. About 15 minutes later the police arrived, and Ms. Cruz saw the officers stop the boys and arrest them. Ms. Cruz stepped into her front yard and identified all four boys who were now standing next to the police car, again slightly over 25 feet away from her. She identified appellant as one of the three boys who had entered the station. Later investigation showed that the station's rear windows had been broken and that the lock to the front door had been stripped on the inside.

At the hearing, Ms. Cruz pointed to appellant as one of the boys the police had arrested; however, she was not sure of his identity because by this time, she could no longer remember what the boys had looked like. Nevertheless, she reiterated that the four boys she had pointed out to the police on April 10, 1981, were the same ones she had observed that night. She was positive of that identification, and held fast to her position during cross-examination. A police officer testified that appellant was one of the four boys arrested on April 10, and that Ms. Cruz identified him as one of the three who entered the station; he stated that Ms. Cruz had been positive about the identification.

## DISCUSSION

Appellant asserts that the evidence is insufficient to support the judgment because Ms. Cruz could not positively identify him at the hearing, and "'[a]n extrajudicial identification that cannot be confirmed by an identification at trial is insufficient to sustain a conviction in the absence of other evidence tending to connect the defendant with the crime.'" (*In re Johnny G.* (1979) 25 Cal.3d 543, 547 [159 Cal.Rptr. 180, 601 P.2d 196]; *People* v. *Gould* (1960) 54 Cal.2d 621, 631 [7 Cal.Rptr. 273, 354 P.2d 865].) The contention is without merit.

In *In re Miguel L.* (1982) 32 Cal.3d 100 [185 Cal.Rptr. 120, 649 P.2d 703], the Supreme Court recently reviewed and clarified the law concerning judgments based solely on extrajudicial identifications repudiated at trial. In *Miguel L.,* an accomplice identified Miguel during a police interview and agreed to testify against him in exchange for immunity from prosecution in this and several other burglaries. At the hearing, however, the accomplice first refused to testify about Miguel and then denied the veracity of his earlier statements, specifically denying that Miguel had participated in the burglary at all.

Reviewing *Gould* and its progeny, the Supreme Court held that the extrajudicial identification of Miguel could not satisfy the requirements of

the *Gould* rule for two reasons. First, the accomplice's statements "lack[ed] the traditional indicia of reliability possessed by sworn testimony which has been subjected to cross-examination in a formal judicial proceeding. Such formal procedures are necessary in order to test the veracity, recollection, and possible bias of the witness, as well as the effect of official conduct toward the witness." (*In re Miguel L., supra,* 32 Cal.3d at p. 107.) The court stressed that the accomplice's statements were "never tested in a court of law." (*Id.,* at p. 108.) Second, in *Miguel L.,* as in *Johnny G.* and *Gould,* other circumstances were present which tended to discredit the witness' extrajudicial statements: the identifying witness was an accomplice; he disliked the defendant; and the prosecution granted him immunity in exchange for his testimony. Thus, the prior identification showed no indicia of reliability.

Applying the criteria of *Miguel L.,* it is evident that Ms. Cruz' identification of appellant was sufficient evidence upon which to base the judgment. First, unlike the witnesses in *Miguel L., Johnny G.* or *Gould,*[1] Ms. Cruz never repudiated her extrajudicial identification. Instead, she clearly and positively *repeated, under oath,* that the identification had been accurate on the night of the burglary and that she was still certain of it. It was only at the time of trial, three months later, that she could no longer remember what the burglars had looked like. In addition, the defense subjected her to detailed cross-examination, yet she stood fast. As in *People v. Ford* (1981) 30 Cal.3d 209 [178 Cal.Rptr. 196, 635 P.2d 1176], and *People v. Chavez* (1980) 26 Cal.3d 334 [161 Cal.Rptr. 762, 605 P.2d 401], where unconfirmed extrajudicial identifications constituted sufficient evidence to support a conviction because they were reiterated under oath at a judicial proceeding, Ms. Cruz made her statements under oath at a judicial hearing and she was not "'shaken or discredited by cross-examination.'" (*People v. Ford, supra,* 30 Cal.3d at p. 213.) The officer's testimony that appellant was one of the three boys Ms. Cruz pointed out as the ones who entered the station on April 10 established the necessary connection and effectively tied appellant to the crime. (See *People v. Barajas* (1978) 81 Cal.App.3d 999, 1012 [147 Cal.Rptr. 195]; *People v. Jones* (1971) 19 Cal.App.3d 437, 450 [96 Cal.Rptr. 795].)

---

[1] The witnesses in *Miguel L.* and *Johnny G.* simply denied the veracity of their statements and then, under oath, claimed that the defendants had not been connected with the crime at all. (*In re Miguel L., supra,* 32 Cal.3d 100, 104; *In re Johnny G., supra,* 25 Cal.3d 543, 545-546.) In *People v. Gould, supra,* 54 Cal.2d 621, 625, the witness at trial suddenly explained that the appellant's features in pictures she had previously identified as those of the burglar looked similar to but were not all the same as the burglar's. (See also *People v. Belton* (1979) 23 Cal.3d 516, 519 [153 Cal.Rptr. 195, 591 P.2d 485] (denial of prior statement); *In re Eugene M.* (1976) 55 Cal.App.3d 650, 655 [127 Cal.Rptr. 851] (same).)

Second, the record fails to reveal any evidence that would discredit the extrajudicial identification. Obviously, Ms. Cruz was not an accomplice; she did not even know any of the boys. She had nothing to gain by her testimony, she never refused to testify, and she never repudiated her story. On the contrary, she had a clear view of all four boys during the entire incident except for the few minutes it took her to call the police. After Ms. Cruz returned to the window, she saw the boys emerge from the station and watched them without interruption or distraction until the police had arrived and arrested them. Moments later, she identified the boys she had just observed for well over 15 minutes. Contrary to the witness in *Gould,* she identified them in person and not from a small number of photographs. (*People* v. *Gould, supra,* 54 Cal.2d at p. 631.)

Since all indicia of reliability and veracity are present, and since we view the record in a light most favorable to the judgment below, we conclude that the court's determination is supported by substantial evidence and must be upheld. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

The judgment is affirmed.

Feinerman, P. J., and Hastings, J. concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 15, 1982.